THE ATTORNEY GENERAL
OF TEXAS



PRICE DANIEL
ATTORNEY GENERAL

August 16, 1951

Hon. John Ben Shepperd
Secretary of State
Austin, Texas

Opinion No. V-1239

Re: Authority of the Sec-
retary of State to
waive, compromise, or
reduce the penalties
for late filing of
franchise tax reports
(Art. 7089) and fran-
chise taxes (Art. 7091).

Dear Sir:

        You have requested the opinion of this office
on the following question:

        "May the Secretary of State, under
certain extenuating circumstances . . .
accept late filing of the tax report and
late payment of franchise tax without
levying the penalties of 10 per cent and
25 per cent as provided for in Articles
7089 and 7091, V.R.C.S.?"

        In connection with your request you have stated
four examples of "extenuating circumstances" which are
actual cases in your files and you refer to a letter opin-
ion of this office addressed to Hon. Paul H. Brown, Sec-
retary of State, dated August 23, 1948, which you state
presents the answer to a different problem.

        The fact that the office of the Secretary of
State was confronted with requests by various corporate
taxpayers that under certain "extenuating circumstances"
the Secretary of State should waive the penalty for late
filing of the franchise tax report prescribed in Article
7089, V.C.S., or the penalty for late payment of the
franchise tax prescribed by Article 7091, V.C.S., con-
stituted the basis for the request by Hon. Paul H. Brown
on this same subject. He asked whether the penalties
provided for in each of the foregoing Articles were man-
datory or whether the Secretary of State had the author-
ity to waive, compromise, or reduce the penalties upon
application and for cause deemed sufficient in the dis-
cretion of the Secretary of State.

In holding that a corporation which fails to file its franchise tax report or fails to pay its franchise tax when due becomes immediately liable for the penalties provided for in Articles 7089 and 7091, V.C.S., respectively, and that the Secretary of State has no authority to waive, compromise, or reduce the penalties so provided under any circumstances, the opinion to Hon. Paul H. Brown states in part:

"The question of whether or not the provisions of a statute are mandatory is one of statutory construction. 39 Tex. Jur. 33, § 14. However, it is settled that there is no room for construction when the statute is expressed in plain and unambiguous language and its meaning is clear and obvious. 39 Tex.Jur. 161, § 88.

"The provisions of each of the statutes here in question are expressed in plain and unambiguous language. Article 7089, V.C.S., clearly provides that franchise tax reports are due between January 1st and March 15th of each year, but that the Secretary of State may for good cause shown by any corporation extend such time up to May 1st. Any corporation failing to file its report shall be assessed a penalty of ten per cent. Article 7091, V.C.S., also provides in clear and unmistakable language that if a corporation fails to pay its franchise tax when due, it shall thereupon become liable to a penalty of twenty-five per cent of the amount of such franchise tax due by such corporation. However, even if the statutes were ambiguous and thus subject to construction, it is noted that it has long been the departmental construction of the office of the Secretary of State that the penalties in question are mandatory and cannot be waived, compromised or reduced. The Legislature has met many times since such construction was given the statutes by the Secretary of State, but has not undertaken to change the statute so as to alter this construction. This office does not feel justified to hold now that the Secretary of State was in error in so construing the statute. See Isbell vs. Gulf Union Oil Co., Sup. Ct., 209 S.W.(2d) 762.

"  . . .

"As to the question of whether or not
the Secretary of State has authority to
waive, compromise or reduce these penalties,
it is noted that no such authority is given
the Secretary of State by the constitution
or statutes. It is the settled law in this
State that Public Officers possess only such
authority as is conferred upon them by law.
34 Tex. Jur. 440 § 67. As no authority is
given the Secretary of State to waive, com-
promise or reduce the penalties provided for
in Articles 7089 and 7091, V.C.S., he has no
authority to do so."

This office has carefully reconsidered the fore-
going opinion in the light of the factual examples of
"extenuating circumstances" referred to and it is the
opinion of this office that the holdings of the opinion
addressed to Hon. Paul H. Brown, dated August 23, 1948,
are correct and should be reaffirmed. We are compelled
to reach this conclusion under the rule of law announced
by the Supreme Court in the case of Federal Crude Oil Com-
pany v. Yount-Lee Oil Company, 122 Tex. 21, 52 S.W.2d 56,
62 (1932), as follows:

"Where the officers of the state govern-
ment, during a long period of years, have con-
strued a statute of doubtful import and the
same is later re-enacted by the Legislature in
substantially the same form, it will be pre-
sumed that the lawmaking body knew of the con-
struction placed upon its language by such
officers, and that, if it was not satisfied
that its intention had been rightly interpreted,
it would have so changed the verbiage of the
act as to have shown clearly a contrary inten-
tion."

Since the ruling of this office on the ques-
tions involved on August 23, 1948, the Legislature has
met in Regular Session in the year 1949, in Called Ses-
sion in the year 1950, and again in Regular Session in
the year 1951. At its Regular Session in 1949 the Legis-
lature amended Articles 7089 and 7091, V.C.S. 'Acts 51st
Leg., ch. 536, p. 975, secs. 5 and 7. It must be pre-
sumed that the Legislature knew of the construction placed
upon its language by the Secretary of State and by this
office. If the Legislature had not been satisfied that

its intention had been rightly interpreted, it could have changed the verbiage of the two Articles in question so as to authorize the Secretary of State in his discretion to waive, compromise, or reduce the penalties in question under such circumstances as were found by the Secretary of State to be extenuating.  This the Legislature did not do, and therefore, under the foregoing rule of law, it must be presumed that the Legislature concurred in the departmental construction by the Secretary of State and the opinion of this office.

It is the opinion of this office that the Secretary of State has no authority to waive, compromise, or reduce the penalties provided for failure to make and file the franchise tax reports as required by the provisions of Article 7089, V.C.S., and to pay the franchise tax due as provided in Article 7091, V.C.S., the liability for such penalties being mandatory.

## SUMMARY

The Secretary of State has no authority to waive, compromise, or reduce the penalties for late filing of franchise tax returns as provided in Article 7089, V.C.S., or the penalty for late payment of franchise taxes as provided in Article 7091, V.C.S., the liability for such penalties being mandatory.

Very truly yours,

PRICE DANIEL
Attorney General

By C. K. Richards
C. K. Richards
Assistant

APPROVED:

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

CKR:wb:em